(No. 18720.—Reversed and remanded.)
WILLIAM F. GAUMER *et al.* Appellees, *vs.* MAUDE MARLEY
SNEDEKER, Appellant.

*Opinion filed June 23, 1928.*

1. JUDGMENTS AND DECREES—*when decree cannot declare judgment lien released—parties.* In a suit to set aside a sheriff's deed and to enjoin the grantee of the holder of such deed from prosecuting forcible entry and detainer, a decree cannot be entered declaring that the judgment lien was released by payment of the judgment by a third party and that an assignment of the judgment to the party who acquired the sheriff's deed was void, where neither the judgment creditor, the third party nor the assignee of the judgment is made a party to the suit.

2. PARTIES—*who must be made parties to a bill in equity.* All persons who have a substantial, legal or beneficial interest in the subject matter of the litigation and whose interests will be materially affected by the decree are necessary parties to a bill in equity.

3. SAME—*when objection of insufficient parties to bill may be raised.* Where a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be rendered without materially affecting his interest the court should not proceed to a decision of the case upon its merits, and the objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and require that the omitted party be brought in, even though no objection is made by any party litigant.

APPEAL from the Circuit Court of Edgar county; the Hon. CHARLES A. SHUEY, Judge, presiding.

HARVEY GROSS, and BREWER & GRANT, for appellant.

FRED RHOADS, and O'HAIR & McCLAIN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Edgar county rendered a decree setting aside a sheriff's deed to F. E. Marley of lot 4 in Crawford's addition to Paris and a subsequent deed of the same lot by Marley to Maude Marley Snedeker, the appel-

lant, enjoining her from prosecuting a suit in forcible entry and detainer begun by her against the appellees, William F. Gaumer and Ella Gaumer, to recover the possession of the lot, canceling a judgment of the circuit court against the Gaumers for $3893.61 in favor of the First National Bank of Paris and dismissing the cross-bill of Mrs. Snedeker for want of equity. Mrs. Snedeker has appealed.

William F. Gaumer owned 200 acres of land in Edgar county, subject to a mortgage of about $65 an acre. There were judgments of the circuit court against him—one in favor of the First National Bank of Paris for $3893.61, one in favor of W. S. Logan amounting to about $3400, one in favor of Henrietta Mapes, and another in favor of Eliza E. James. James Marley, the father of F. E. Marley, was security for him on two notes held by the bank, on which judgment had been taken by confession on March 29, 1920. Execution had been issued on the judgments of Henrietta Mapes and Eliza E. James and levied on the land, which was advertised to be sold on August 14, 1920. On August 5, 1920, a contract was entered into by W. F. Gaumer, Henrietta Mapes, Eliza E. James and James Marley in the following form:

"Agreement made and entered into this 5th day of August, 1920, by and between W. F. Gaumer, party of the first part, Henrietta Mapes and Eliza E. James, parties of the second part, and James Marley, party of the third part; witnesseth:

"That whereas the party of the first part is the owner, subject to certain incumbrances of record, of the following described real estate, to-wit: The E ½ of the NE ¼, E ½ of the SE ¼ of section 15, and the NW ¼ of the SW ¼ of section 14, all in town 12 north, range 11 west of the 2d P. M. in Edgar county, Illinois.

"And whereas each of the above named parties of the second part has a judgment in the circuit court of Edgar county, Illinois, against the party of the first part and his wife, and have made a levy on the above described real estate, and the same has been advertised for sale under the executions issued on said judgments for the 14th day of August, 1920;

"And whereas the above named James Marley is a surety on a note for first party, and a judgment has been rendered on said

note against first party and an execution levied on said real estate, it is hereby mutually agreed between the parties hereto as follows:

"That the parties of the second part will at such sale bid for the above described real estate the full amount of their judgments and costs, and if they or either of them become the highest bidder at such sale and acquire a sheriff's deed for such land, they hereby agree to convey by quit-claim deed the same to said third party, as trustee, immediately upon the receipt of such sheriff's deed or deeds.

"In consideration of the covenants and agreements herein made by the other parties hereto, the said party of the first part hereby agrees to convey by quit-claim deed to the said James Marley as trustee, all his interest in and to the above described real estate for the purposes hereinafter set forth.

"For and in consideration of the covenants and agreements of the other parties hereto, the said party of the third part hereby agrees to accept such conveyances to him as trustee, and does hereby promise and agree upon the receipt of such conveyances to proceed at once to try to find a buyer for said premises, and when such property is sold, and in any event within one year from this date, the said party of the third part does hereby agree to pay to the said parties of the second part the full amount of their respective bid or bids at such sale of said real estate, together with interest at the rate of six per cent per annum from the date of such sale to the date of such payment; said party of the third part further agrees that when said real estate is sold he will account to first party for the proceeds thereof, and will pay out of such proceeds any valid judgments or liens against said real estate owing by said party of the first part, and will also pay the necessary expenses incurred in connection with the selling and conveying of said real estate to the purchaser, and if there is any balance left after making such payments, including the payment so agreed to be made by third party to the parties of the second part, said party of the third part hereby agrees to pay and deliver the said balance to said first party.

"It is further agreed by the parties hereto that any real estate levied on under executions above mentioned other than the land above described, shall upon the signing and delivering of this contract be released from said judgments."

Gaumer and his wife on August 14 conveyed the 200 acres to James Marley, trustee, by a quit-claim deed reciting as a consideration "for the agreement to cause judgment of First National Bank of Paris to be released from all property except real estate herein conveyed, considera-

tion of one dollar and covenants and agreements in contract dated August 5, 1920, and estate herein conveyed in hand paid." On March 20, 1922, the bank assigned its judgment to F. E. Marley, who is a son of James Marley. He paid nothing to the bank for the assignment, but on March 29, 1922, James Marley paid the bank the amount of the judgment, interest, costs and expenses by giving his note, which was afterward paid. On June 16, 1924, an execution was issued against the appellees purporting to have been issued on a judgment recovered by F. E. Marley, assignee, which was levied on lot 4 in Crawford's addition to Paris, which was occupied by the appellees as their homestead. Commissioners were appointed, who appraised the lot at $5000 and found the premises indivisible. The sum of $1000 was tendered to the appellees, and on March 29, 1927, the sheriff sold the lot to F. E. Marley, to whom he executed a deed on May 4, 1927, and Marley on May 6, 1927, conveyed the lot by quit-claim deed to his sister, Maude Marley Snedeker, "in consideration of the sum of one dollar and other good and sufficient considerations in hand paid."

The ground upon which the complainants' claim for relief is based is that James Marley by the contract of August 5, 1920, and the conveyance of the land to him, was bound to pay the judgment of the bank and to release the property of the appellees from any lien of that judgment, and that the judgment was satisfied by Marley's payment to the bank of the money due on it, and, because of the agreement, the execution issued and the levy and sale of the appellees' homestead under it were void; that Mrs. Snedeker had notice of the invalidity of the proceeding, and that therefore F. E. Marley's deed to her was void. The only defendant to the bill was Mrs. Snedeker. Neither F. E. Marley nor the First National Bank of Paris was made a party. It appears in the evidence that James Marley died at some time subsequent to March, 1922. Neither his heirs nor his personal representatives are made parties

to the bill. The decree adjudicated that James Marley was bound to cause the lien of the judgment of the bank to be released as to all property except the land conveyed to him by the appellees; that the judgment should have been released; that the assignment of it to F. E. Marley was void; that the issue of the execution and the levy, sale and deed to F. E. Marley were void, and that the judgment of the bank assigned to Marley was paid and should be canceled. The record of the judgment is in full force whether in favor of the bank or F. E. Marley, and it cannot be canceled in a suit to which they are not parties. Neither can the obligation of James Marley under the contract of August 5, 1920, be adjudicated in a suit to which he is not a party without giving him or his representatives an opportunity to defend. All persons who have a substantial, legal or beneficial interest in the subject matter of the litigation which will be materially affected by the decree are necessary parties to a bill in equity. Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case upon the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant. *Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196; *Abernathie* v. *Rich,* 229 id. 412; *McMechan* v. *Yenter,* 301 id. 508; *Webster* v. *Jackson,* 304 id. 569; *Mortimore* v. *Bashore,* 317 id. 535.

The decree is reversed and the cause remanded, with leave to the appellees to amend their bill and make additional parties defendant, and for further proceedings.

*Reversed and remanded.*