(No. 41375.—

ALBERT MOJONNIER, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Bernard Perry, Appellee.)

*Opinion filed March 27, 1969.*

Angerstein & Angerstein, of Chicago, (Sidney Z. Karask, Oscar P. Chiappori, and George W. Angerstein, of counsel,) for appellant.

Stuart A. Trais, of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Bernard Perry was awarded compensation under the Workmen's Compensation Act against Albert Mojonnier, Inc., a "borrowing" employer having primary liability for compensable injuries under the terms of the Act. An additional 50% penalty was also awarded, under section 19(k), for "unreasonable and vexatious delay" in the payment of compensation. Mojonnier sued out a writ of *certiorari* in the circuit court of Cook County to review the awards. By order entered February 7, 1968, the court quashed the writ on the ground that Manpower, Inc., the loaning employer secondarily liable, was not named in the *praecipe*. Mojonnier appeals, contending that Manpower was not a necessary party to the proceedings for review and that even if it were, the remedy is not to dismiss the proceedings, but to order a *scire facias* to issue.

The application for adjustment of claim named both Mojonnier and Manpower as respondents. In the award against Mojonnier as the primary employer it was provided that in case Mojonnier failed to pay the award, Manpower

as the secondary respondent should pay it, with a right of action for reimbursement against Mojonnier. The order was in accordance with the relevant provisions of section 1(a)4 of the act (Ill. Rev. Stat. 1965, ch. 48, par. 138.1 (a)4), sometimes referred to as the "lending-borrowing" section. The *praecipe* for writ of *certiorari* designated only the Industrial Commission and the claimant as other parties in interest, and requested that *scire facias* be directed to the claimant and his attorney. Manpower, Inc. was not named or served and did not appear in the *certiorari* proceedings.

Insofar as it is material the Workmen's Compensation Act provides that "the praecipe shall contain the last known address of other parties in interest and their attorneys of record who are to be served by scire facias." (Ill. Rev. Stat. 1965, ch. 48, par. 138.19(f)1.) In support of the circuit court order dismissing the proceedings for review, the claimant urges that Manpower Inc. was a party in interest within the meaning of section 19(f)1, and that its name and address in the *praecipe* were necessary to give the court jurisdiction.

We do not agree. The same point was made and the contention rejected in a case decided November 22, 1968, involving the same two employers. In *Mojonnier, Inc.* v. *Industrial Com.,* 41 Ill.2d 128, the circuit court affirmed an award against Mojonnier in favor of one Charles Daniels, together with an additional 50% penalty under section 19(k). The Commission had found that Mojonnier was the borrowing employer and Manpower the loaning employer, and directed that in the event Mojonnier failed to pay the awards then Manpower was to do so. The claimant moved to dismiss Mojonnier's appeal to this court, on the ground that Manpower, which had not been named in the *praecipe* for writ of *certiorari*, was a necessary party to proceedings for judicial review. This court denied the motion, saying: "Claimant's motion to dismiss is based on the assertion that both Mojonnier and Manpower were 'parties in interest' in

review before the Commission, and in order to confer jurisdiction upon the circuit court for judicial review it was necessary that Manpower be named in the *praecipe* and served as a party in interest. Manpower apparently decided to stop at the Commission level and Mojonnier did not need to include Manpower in the *praecipe* for writ of *certiorari.*" 41 Ill.2d at 132.

The *Mojonnier* case is clearly controlling here, and it is unnecessary to prolong this opinion by distinguishing the older cases relied upon by the claimant. The circuit court erred in quashing the writ of *certiorari* on the ground in question. Its order is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*