WILLIAM BOARD, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Harvey Bennett, Appellant).

Third District (Industrial Commission Division)  No. 3—84—0195WC

Opinion filed November 27, 1984.

Charles D. Knell and Charles S. Watson, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellant.

Joseph R. Napoli, Arthur J. Inman, and Goldsworthy & Fifield, all of Peoria, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Francis Osborn, an employee of appellant Harvey Bennett, d/b/a Harvey's 24 Hour Towing, filed a claim for compensation for injuries sustained in a work-related accident. An arbitrator found that Osborn was a loaned employee to appellee William Board, d/b/a Board's Autobody. Under section 1(a)(4) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1(a)(4)), both employers were held jointly liable to Osborn, and Bennett was entitled to recover from Board any payment made to Osborn. Bennett sought review before the Industrial Commission, and the Commission upheld the arbitrator's decision.

Within 20 days of the Commission's decision, Board petitioned the circuit court of Peoria County for a writ of *certiorari* and a writ of *scire facias*. The praecipe for the writs named only Osborn and the Commission as parties in interest. Bennett did not receive notice of the proceedings, and he did not appear. The circuit court set aside that part of the Commission's decision which held that Osborn was a loaned employee, and the court held that Board was not liable for Osborn's injuries. As a result of the court's decision, Bennett became solely responsible for Osborn's injuries.

Bennett learned of the court's ruling and within three days filed a motion to vacate the court's order. He maintained that the circuit court had not acquired jurisdiction because Board did not name Bennett in the praecipe as a party in interest. The circuit court denied Bennett's motion to vacate its order, and he appeals.

Section 19(f)(1) of the Act specifies that "the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1).) Strict compliance with the statute

is required before the circuit court acquires subject-matter jurisdiction. *Matthiessen & Hegeler Zinc Co. v. Industrial Com.* (1940), 373 Ill. 293, 26 N.E.2d 84.

Bennett argued in the circuit court and contends here that he is a party in interest and, because he was not named in the praecipe, the circuit court never acquired jurisdiction. Relying on the decisions in *Albert Mojonnier, Inc. v. Industrial Com.* (1968), 41 Ill. 2d 128, 242 N.E.2d 184 (*Mojonnier I*), and *Albert Mojonnier, Inc. v. Industrial Com.* (1969), 42 Ill. 2d 182, 246 N.E.2d 243 (*Mojonnier II*), the circuit court concluded that Bennett was not a party in interest.

In *Mojonnier I*, an employee of Manpower, Inc., was injured while working for Mojonnier. After the arbitrator found that Mojonnier was a borrowing employer, Mojonnier sought review, naming only the claimant. Claimant's cross-petition named both employers. The Commission upheld the arbitrator's award to claimant and Mojonnier petitioned the circuit court, again failing to name Manpower in the praecipe. Claimant's motion to quash the writ of *certiorari* for failure to name a party in interest was denied by our supreme court. The court stated, "Manpower apparently decided to stop at the Commission level and Mojonnier did not need to include Manpower in the *praecipe* for writ of *certiorari*." (41 Ill. 2d 128, 132.) In *Mojonnier II*, a similar factual situation was presented, and the court, without discussion, found *Mojonnier I* controlling.

The supreme court more recently addressed the section 19(f)(1) requirements in *Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381. In that case, the claimant, his employer and the Treasurer of the State of Illinois, as custodian of the Second Injury Fund, were all before the arbitrator and the Commission. When the claimant filed a petition in the circuit court, he failed to name the Treasurer in the praecipe as a party in interest. The supreme court held that the Treasurer was a party in interest because he "participated in the hearing before the arbitrator and, in fact, petitioned the Commission for review of the arbitrator's decision." (99 Ill. 2d 1, 6.) Because the claimant did not name the Treasurer, and because an amended praecipe could not correct the omission, the court held that the employer's motion to quash the writ should have been granted.

In the present case, we find *Daugherty* controlling. Bennett, like the Treasurer, was an active participant in the proceedings before the arbitrator and filed a petition for review with the Commission. Although Bennett understandably "decided to stop at the Commission level," so too did the Treasurer. Insofar as the decision in *Daugherty* ignored this fact, we interpret *Daugherty* to overrule *Mojonnier I* and

*Mojonnier II* on this issue. Such a reading comports with a long tradition in Illinois that a party's rights may not be affected where that party is not before the court to defend his interests. (See *Bryant v. Lakeside Galleries, Inc.* (1949), 402 Ill. 466, 84 N.E.2d 412; *Gaumer v. Snedeker* (1928), 330 Ill. 511, 162 N.E. 137; *Popovich v. Ram Pipe & Supply Co.* (1979), 74 Ill. App. 3d 343, 392 N.E.2d 954.) Consequently, we hold that the circuit court erred in denying Bennett's motion to vacate its order.

For the reasons stated, the judgment of the circuit court of Peoria County is vacated, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Vacated and remanded.

LINDBERG, BARRY, WEBBER, and KASSERMAN, JJ., concur.