OLIVIA CHAMBERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Prudential Insurance Company of America, Appellee).

First District (Industrial Commission Division)   No. 1—88—1626WC

Opinion filed June 23, 1989—Rehearing denied December 18, 1989.

Olivia Chambers, of Griffith, Indiana, appellant *pro se.*

Bruce L. Jorgensen, of Chicago, for appellee Prudential Insurance Company of America.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The *pro se* petitioner, Olivia Chambers, filed a motion in the circuit court to remand this cause of action to the Industrial Commission. The circuit court denied her motion. She appeals.

This is the second time this cause has come before us. On April 11, 1981, the petitioner first filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). Her employer, respondent Prudential Insurance Company, challenged Illinois jurisdiction. The parties stipulated that only the jurisdiction issue would be addressed at the initial arbitration hearing. The arbitrator found that Illinois did not have jurisdiction over the claim. On review, the Industrial Commission affirmed the ar-

bitrator, the circuit court confirmed the Commission, and this court affirmed the circuit court. *Chambers v. Industrial Comm'n* (1985), 139 Ill. App. 3d 550, 487 N.E.2d 1142.

On April 21, 1988, the petitioner, proceeding *pro se*, filed a document in the circuit court entitled "Motion to Remand Cause back to Industrial Commission of Illinois." In her motion, she contended that the arbitrator was a convicted felon, that respondent's exhibit No. 4 had been removed from the record while it was in the possession. of the arbitrator, and that the cause should be remanded to the Commission so that the exhibit could be admitted into evidence.

At the hearing on the motion, the respondent moved to dismiss the cause pursuant to section 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The petitioner then presented to the court a document entitled "Answer to Response to Motion to Remand." In that document, she alleged that the circuit court had subject-matter jurisdiction over the cause under the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 59, par. 1 *et seq.*). The circuit court thereafter found that it lacked subject-matter jurisdiction and denied the motion to remand.

On appeal, the petitioner argues that she was defrauded when the arbitrator allegedly removed respondent's exhibit No. 4 from the record, thereby preventing all of the evidence from being considered on review. She further contends that as a result of the alleged fraud she was deprived of her right to due process and equal protection of the law. She states that the circuit court had subject-matter jurisdiction pursuant to the Statute of Frauds and pursuant to section 13—206 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—206).

▮▮ We shall first address the issue of whether the circuit court had subject-matter jurisdiction over the cause. Strict compliance with the Workers' Compensation Act is required before the circuit court acquires subject-matter jurisdiction. (*Board v. Industrial Comm'n* (1984), 129 Ill. App. 3d 56, 472 N.E.2d 105.) Section 138.19(f) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)), which sets forth the procedure by which a circuit court obtains subject-matter jurisdiction, does not allow a circuit court to reacquire subject-matter jurisdiction upon the filing of a motion in that court after jurisdiction has been transferred to the appellate court. The circuit court could reacquire jurisdiction only in the event of a remand of the case to that court by the appellate court. Consequently, since the instant case was appealed to this court and decided with no remand to the circuit court before the petitioner filed her motion to remand, the circuit court no longer had jurisdiction to entertain her motion.

 Further, the Statute of Frauds merely sets forth a writing requirement for certain classes of contracts. It cannot confer subject-matter jurisdiction. Moreover, section 13—206 of the Code did not confer jurisdiction, as that section only sets forth a 10-year limitation period for certain causes of action and has no relevance to the instant proceedings.

Accordingly, we find that the circuit court properly determined that it lacked subject-matter jurisdiction over the cause. We will therefore not address the other issues raised by the petitioner, as they were not properly before the circuit court. *American Steel Foundries v. Industrial Comm'n* (1983), 96 Ill. 2d 513, 451 N.E.2d 883.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH and LEWIS, JJ., concur.