(No. 25320.—

THE MATTHIESSEN & HEGELER ZINC COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (AMELIA AMBROSE, Defendant in Error.)

*Opinion filed February 13, 1940—Rehearing denied April 3, 1940.*

CASSELS, POTTER & BENTLEY, and HOLLERICH & HUR-
LEY, (C. N. HOLLERICH, CLAUD D. RABER, and JAMES D.
HURLEY, of counsel,) for plaintiff in error.

PAUL D. PERONA, and D. J. CAMPEGGIO, for defendant
in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Bureau county sustained a motion
of Amelia Ambrose, widow of William Ambrose, deceased,
to quash the writ of *certiorari* to the Industrial Commis-
sion for failure to comply with section 19(f)1 and (f)2
of the Workmen's Compensation act. (Ill. Rev. Stat. 1939,
chap. 48, par. 156.) Among the grounds of the motion
were: (1) The *praecipe* for writ of *certiorari* did not name
or make parties the minor children of William Ambrose,
deceased, or their next friend, nor did it contain their last
known address, though they were parties in interest to be
served by *scire facias;* (2) no sufficient bond was filed
with the circuit clerk, but the power of attorney attached
to the bond showed on its face the surety's agent had no
authority to execute or sign bonds to be used in judicial
proceedings in Bureau county; that his authority was lim-
ited to proceedings in LaSalle county. The court refused
to permit plaintiff in error to correct these alleged errors,
and entered judgment quashing the writ of *certiorari*. From
that judgment we allowed a petition for writ of error.

The application for adjustment of claim was filed by Amelia Ambrose, widow of William Ambrose, deceased, in her own name. It stated that deceased left surviving him three children under sixteen years of age. The award of the arbitrator was to the widow "for the support of herself and said minor children." On review by the Industrial Commission the employer moved that the widow be called upon to amend the application for adjustment of claim to include the minor children, by the widow as their next friend, as parties, so that the minors would be bound by the proceedings before the Industrial Commission. This was agreed to by counsel for the widow. It does not appear from the record that the application for adjustment of claim was amended on its face, but the commissioner stated: "The record may show that the petitioners in this case will be the widow and the three children" by the widow as their next friend. This was satisfactory to employer's attorney.

Plaintiff in error contends the minor children were not necessary parties. To this, defendant in error replies it is not a question of whether they were necessary parties in the proceedings before the arbitrator or Industrial Commission, but whether, having once been made parties there, it was imperative that they be named in the *praecipe* for the writ of *certiorari*. Section 19(f)1, so far as here pertinent, provides, "and the *praecipe* shall contain the last known address of other parties in interest and their attorneys of record who are to be served by *scire facias*. Service upon any member of the Industrial Commission or the secretary or the assistant secretary thereof shall be service upon the commission, and service upon other parties in interest and their attorneys of record shall be by *scire facias,* and such service shall be made upon said commission and other parties in interest by mailing notices of the commencement of the proceedings and the return day of the writ to the office of the said commission and to the last known place of residence of other parties in interest or their attorney or attor-

neys of record." None of these procedural requirements above quoted was followed with respect to the minor children, their next friend, or their attorney of record.

It is fundamental that the jurisdiction exercised by the circuit courts under the Workmen's Compensation act is a special statutory one, and the parties seeking a hearing in the circuit court must comply with all the conditions prescribed. (*Moweaqua Coal Mining Co.* v. *Industrial Com.* 322 Ill. 403.) A *praecipe* in due form is necessary in order to give the court jurisdiction. (*Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136; *Smith-Lohr Coal Mining Co.* v. *Industrial Board,* 279 id. 88; *Levy* v. *Industrial Com.* 346 id. 49; *Strebing* v. *Industrial Com.* 351 id. 627.) Here the *praecipe* in no way mentioned the minor dependents, who, on plaintiff in error's own motion, were made parties to the proceedings before the Industrial Commission. We are not called upon to decide whether they were necessary parties there. That they were parties in interest cannot be doubted. (*Beckemeyer Coal Co.* v. *Industrial Com.* 370 Ill. 113; *Waechter* v. *Industrial Com.* 367 id. 256.) By failing to make these minor dependents or their next friend parties to the *certiorari* proceeding, plaintiff in error did not meet the requirements of the statute.

Jurisdiction of the circuit court is challenged because a defective bond was filed with the clerk when the *praecipe* was filed. Whatever merit, if any, there is to this point need not be considered, as we have already held the court was without jurisdiction on other grounds.

The circuit court did not err in quashing the writ and its judgment is affirmed.

*Judgment affirmed.*