(No. 41003.—

BETHLEHEM STEEL CORPORATION, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Roy B. Farley, Appellant.)

*Opinion filed Sept. 24, 1968.—Rehearing denied Nov. 21, 1968.*

Scott J. Vitell, of Chicago, (Sidney Z. Karasik, of counsel,) for appellant.

Hackbert, Rooks, Pitts, Fullagar & Poust, of Chicago, (Douglas F. Stevenson and Stephen E. Sward, of counsel,) for the appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Roy B. Farley filed an application for adjustment of claim under the Workmen's Compensation Act. A hearing was had before an arbitrator, who found no causal connection and denied the claim. The Industrial Commission reversed and awarded compensation, but on review the circuit court of Winnebago County set aside the award. The claimant appeals directly to this court as authorized by Rule 302. (36 Ill.2d 103.) The principal question is whether a causal connection was proved between the alleged injury and a condition of ill-being some ten months later.

The claimant was employed by the Bethlehem Steel Corporation in the construction of the Chrysler plant near Belvidere, Illinois. He was an apprentice ironworker whose duties consisted mainly in delivering tools and other supplies to the workmen. The incident in question occurred on July 27, 1964, when he and another employee were in the act of picking up a wooden plank or beam weighing about 125 pounds. According to the claimant's testimony he experienced sharp pain in his back and legs as he started to lift his end of it. The companion testified that as they lifted the beam the claimant swore, dropped the beam, and walked away holding the lower part of his back. He then went to the timekeeper, who took him to the clinic in Belvidere. A Dr. Oliver examined him and took X rays. He found that the claimant had a spasm of his back muscles, and he prescribed heat treatments and some anti-spasmodic tablets. The claimant went back to the job and resumed work, but

received heat treatments from Dr. Oliver for the next four days. He left Bethlehem's employment in September, 1964, but continued to work at the same construction site for three other concerns, successively, until May, 1965. He sustained three other accidents during this period up to March, 1965, each time being sent by his then current employer to Dr. Oliver of Belvidere. Dr. Oliver testified, before the arbitrator, that on none of these occasions did the claimant complain about his back or seek treatment for it.

In May, 1965, the claimant visited a clinic ·in Monroe, Wisconsin, where several myelograms were taken and surgery performed for a rupture or slipping of an intervertebral disc. A good recovery was made, the claimant leaving the hospital· after two days. On March 1 of that year he had consulted a .Dr. Hardin of Rockford, who examined him and took X rays. Dr. Hardin also examined claimant on February 25, 1966, a few weeks before the hearing. Called on behalf of claimant, he testified that the claimant had sustained a ruptured intervertebral disc and that he had a right sciatic nerve involvement for which a laminectomy had been performed some time before the witness's second examination and following the first one. The doctor testified further that in his opinion, based on the most recent examination, the claimant would not be able to perform heavy lifting or labor involving bending or stooping.

In answer to a hypothetical question he stated that there might or could have been a "causative" relationship between the incident of July 27, 1964, and the present state of ill-being. The doctor stated on cross-examination, however, that the March 1 examination was negative for sciatic nerve involvement and a year later he found a positive result and that the operation performed in the meantime, or some accident occurring after the March 1 examination, could have caused the difference.

Dr. Oliver, the physician by whom claimant was first examined on the day of the occurrence in question, was also

called in his behalf. In response to a hypothetical question which omitted some relevant facts he testified to the possibility of a causal connection, but when asked a hypothetical question which included all facts in evidence he stated that "I don't feel the back injury of July 27, 1964, dislocated the disc."

Dr. Herzberger, the surgeon who performed the operation, testified that on the basis of notes taken by clinic doctors who interviewed the patient, and on the basis of findings from the operation itself, he thought the accident described by the claimant "is the probable cause of the disc herniation for which I operated on him."

After a thorough examination of this record we do not think error has been shown in the judgment of the circuit court. This court recognizes, as the claimant points out, that whether an injury arose out of the employment is ordinarily a question of fact for the Commission to decide. And a reviewing court does not substitute its judgment, on factual questions, for that of the Commission. (*Swift and Co.* v. *Industrial Com.*, 37 Ill.2d 145.) But the court will nevertheless weigh and consider the evidence to determine whether the decision is against its manifest weight. If such proves to be the case the circuit court has the duty to set the decision aside. *Oros* v. *Industrial Com.*, 37 Ill.2d 568.

In the case at bar the claimant testified that after the incident of July 27, 1964, he felt pain whenever he tried to bend over or do heavy work. Yet he lost no time from the job, nor did he ever complain about his back on any of the subsequent visits to Dr. Oliver for other disablements. In March, 1965, he was seen by Dr. Hardin who examined him and took X rays. According to Dr. Hardin's testimony, which is apparently the only additional evidence presented to the Commission on review, the condition for which the subsequent surgery was performed did not then exist. And Dr. Oliver, who found only a muscle spasm on the day of the alleged injury, testified that he did not think it dislo-

cated the disc. Dr. Herzberger's opinion was necessarily based on much later observations and on notes made long after the accident from the claimant's own statements to interviewing doctors.

A claimant's return to work after an accident does not in itself preclude a finding of causation between the accident and subsequent disability. (*Jewel Tea Co.* v. *Industrial Com.*, 39 Ill.2d 180.) But here a connection based primarily on his own testimony is made doubtful by the absence, for many months, of any complaint about back trouble, even though medical help was sought on account of other accidents. To attribute the disability for which claim is based to the July, 1964, lifting incident is to disregard the testimony of claimant's own medical witnesses. The arbitrator, after hearing the witnesses and observing their demeanor, concluded that no causal relationship was proved, and the contrary decision by the Commission was properly set aside as being contrary to the manifest weight of the evidence. *Cf. Rockford Clutch Div., Borg-Warner Corp.* v. *Industrial Com.*, 37 Ill.2d 62.

The claimant also contends the circuit court lacked jurisdiction to review the decision because the *praecipe* failed to mention the firm of Nordquist, Anderson & Palmer of Rockford as attorneys of record for the claimant. Section 19(f)(1) of the Workmen's Compensation Act provides in part that the *praecipe* for writ of *certiorari* "shall contain the last known address of other parties in interest and their attorneys of record who are to be served by scire facias." Ill. Rev. Stat. 1965, chap. 48, par. 138.19.

There was no error in refusing to quash the writ of *certiorari.* The record shows that an attorney, Scott J. Vitell, appeared on behalf of the Nordquist firm prior to oral argument before the Commission. It is not denied that service was properly made upon him and that he conducted proceedings as their agent and on behalf of the claimant before the Commission in the circuit court and in this court.

We have carefully considered the present contention but find it without sufficient merit to warrant further discussion.

The judgment of the circuit court of Winnebago County was correct and is therefore affirmed.

*Judgment affirmed.*