(No. 56970.—

RAVON DAUGHERTY, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (National Union Electric
Corporation *et al.*, Appellees).

*Opinion filed October 21, 1983.*

SIMON, J., dissenting.

James Walker, Ltd., of Bloomington, for appellant.

Ralph Schroeder, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee National Union Electric Corporation.

Roger D. Lapan, Special Assistant Attorney General, of Bloomington, for appellee Treasurer of the State of Illinois.

JUSTICE WARD delivered the opinion of the court:

Ravon Daugherty, the claimant, was awarded compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) (the Act) by an arbitrator for injuries sustained in a fall on February 21, 1979, while employed by the National Union Electric Corporation (National Electric). The Industrial Commission reduced the amount of the award, and the Commission's decision was confirmed by the circuit court of McLean County. The claimant directly appealed to this court from the circuit court's judgment under Rule 302(a) (87 Ill. 2d R. 302(a)).

The claimant's application for adjustment of claim named his employer, National Electric, as the respondent. National Electric subsequently filed its own application, naming as the respondent the Treasurer of the State of Illinois as the *ex officio* custodian of special funds, and moved to have the Treasurer added as an additional party respondent. National Electric did so for

purposes of contribution. Prior to the accident here the claimant had suffered the total and permanent loss of use of his left arm due to poliomyelitis. Under subparagraphs (e)18 and (f) of section 8 of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.8(e)18, (f)), if an employee who has already lost the use of a member specified in the statute suffers the permanent and total loss of use of another member through an employment accident, which renders him totally and permanently disabled, the current employer must pay compensation only for the loss of use of the member injured in the accident. The balance of the compensation owed the claimant because of the condition of total and permanent disability is paid from the Second Injury Fund, which is provided for in section 7(f) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.7(f)). The State Treasurer is *ex officio* the custodian of the Second Injury Fund.

The arbitrator found that as a result of the accident the claimant suffered the permanent and complete loss of use of his right arm. Considering the previous loss of use of the left arm, the arbitrator found the claimant was totally and permanently disabled and entitled to compensation for life. National Electric was ordered to pay weekly compensation for a specified number of weeks for the loss of the right arm, and the order stated that the claimant was entitled to compensation for life from the Second Injury Fund.

The Commission, on review of the arbitrator's decision, found that the claimant had not lost the use of his right arm, but had lost 100% of the use of his right hand, and adjusted the compensation awarded accordingly. Too, the Commission decided the arbitrator had erroneously calculated the weekly compensation due and corrected the calculation. The Commission affirmed the other findings of the arbitrator. National Electric was ordered to pay weekly compensation for the period called

for by the statute, and the Commission ordered payments to be made to the claimant from the Second Injury Fund upon National Electric's completion of its payments.

On the 20th day after receiving a notice of the Commission's decision, the claimant filed with the clerk of the circuit court a praecipe for a writ of *certiorari* and *scire facias*. The praecipe named the Industrial Commission and National Electric as respondents, and was filed to obtain review of the Commission's decision pursuant to section 19(f)(1) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)(1)). That section provides in relevant part:

"(1) Except in cases of claims against the State of Illinois, in which case the decision of the Commission shall not be subject to judicial review, the Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record.

Such suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission. Such writ of certiorari and the writ of scire facias shall be issued by the clerk of such court upon praecipe returnable on the designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and *the praecipe shall contain the last known address of other parties in interest and their attorneys of record who are to be served by scire facias.* Service upon any member of the Commission or the Secretary or the Assistant Secretary thereof shall be service upon the Commission, and service upon other parties in interest and their attorneys of record shall be by scire facias, and such service shall be made upon the Commission and other parties in interest by mailing notices of the commencement of the proceedings and the return day of the writ to the office of the Commission and to the last known place of residence of other parties in interest or their attorney or attorneys of record." (Emphasis added.)

The circuit court clerk issued the writs on the day after the praecipe was filed.

National Electric moved to quash the writ of *certiorari* on the ground that the praecipe and the writs named only the Commission and National Electric as respondents. The Treasurer and his counsel, a special assistant Attorney General, were not named in the praecipe and served with a writ of *scire facias*. National Electric contended that the failure to name the Treasurer and his counsel did not satisfy the statutory requirement that the names and addresses of all parties in interest must be included in the praecipe and that such parties must be served by writ of *scire facias,* and that because of this failure the court never acquired jurisdiction.

After the motion to quash had been filed, the claimant filed another praecipe, which requested issuance of a writ of *scire facias* directed to the Treasurer through his counsel. That writ was served, and the special assistant Attorney General entered an appearance in behalf of the Treasurer. The circuit court, relying on the fact that the Treasurer had been eventually served and had entered his appearance without objection, denied the motion to quash and confirmed the decision of the Commission.

We judge that the circuit court erred in not quashing the writ because the court lacked jurisdiction. Because of the disposition we make we do not reach any of the other issues presented.

The circuit court's jurisdiction to review a decision of the Industrial Commission on a writ of *certiorari* is a special statutory power, the extent of which is limited by the statute's provisions. (*Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 218; *Thompson v. Industrial Com.* (1941), 377 Ill. 587, 589.) Strict compliance with the statutory requirements for the issuance of the writ is necessary to enable a court to acquire subject matter jurisdiction. *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 508; *Boalbey v. In-*

*dustrial Com.* (1977), 66 Ill. 2d 217, 218.

Here the statutory requirements were not satisfied. The claimant does not question that the Treasurer was a party in interest. The Treasurer, through his counsel, participated in the hearing before the arbitrator and, in fact, petitioned the Commission for review of the arbitrator's decision. The Treasurer and his counsel were not included in the praecipe as section 19(f)(1) requires.

*Matthiessen & Hegeler Zinc Co. v. Industrial Com.* (1940), 373 Ill. 293, involved similar circumstances. There, the circuit court quashed a writ of *certiorari* upon the motion of the widow of a deceased employee. The widow had filed an application for adjustment of claim in her own name against her husband's employer, stating that the deceased left surviving him three children under 16 years. An arbitrator made an award to the widow for the support of herself and the minor children. Upon review by the Commission, the children were added as additional claimants on the motion of the employer. The employer later sought to have the Commission's decision on the claim reviewed, but the praecipe for a writ of *certiorari* did not name or make parties the children or their next friend, nor did it contain their last known address. The circuit court quashed the writ without giving the employer an opportunity to correct the error.

This court held that the circuit court had properly quashed the writ, because the court had not acquired jurisdiction due to the failure to file a praecipe conforming to the statute's requirements. The employer had argued that the minors were not necessary parties, but the court accepted the widow's argument that whether the minors were necessary parties or not was irrelevant, because they certainly were parties in interest.

We must reject the argument of the claimant that because an "amended praecipe" was eventually filed, and because the Treasurer by his counsel then appeared without objection, jurisdiction was acquired. Those factors are not

relevant. The issue here is not jurisdiction over the person of the Treasurer, but subject matter jurisdiction of the court, which could have been acquired only by a timely filing of a praecipe meeting the statutory prescription.

The claimant's citation of *Bethlehem Steel Corp. v. Industrial Com.* (1968), 41 Ill. 2d 40, misses the mark. There this court held that the circuit court was correct in not quashing a writ of *certiorari* where the praecipe for the writ did not name the law firm who were attorneys of record. There was no error, this court held, because although the firm was not mentioned as attorneys of record for the claimant, the individual attorney who had appeared on behalf of the firm and of the claimant in oral argument before the Commission and in the circuit court had been named in the praecipe and was properly served.

For the reasons given, the judgment of the circuit court is vacated and the appeal is dismissed.

*Judgment vacated;*
*appeal dismissed.*

JUSTICE SIMON, dissenting:

The majority places undue emphasis on a general rule that, because the jurisdiction exercised by the circuit court under the Workers' Compensation Act is a special statutory one, a praecipe in a fully completed form is necessary in order to create jurisdiction. (*Matthiessen & Hegeler Zinc Co. v. Industrial Com.* (1940), 373 Ill. 293, 296.) I do not agree that a failure to name or give addresses of parties in interest in the praecipe, as required by the Act, defeats the subject matter jurisdiction of the court. The omission that occurred here went at most to the court's personal jurisdiction over a necessary party, and as such it was cured by the amendment of the praecipe and the subsequent appearance of that party without objection. Compare *Nupnau v. Hink* (1965), 33 Ill. 2d 285, 287, interpreting the jurisdictional provisions of the will contest statute (now section 8—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a))).

The praecipe is the circuit court's first view of a workers' compensation case and should therefore give notice of the level of complexity of the case and who is involved in it. The requirement that the praecipe contain the names and last known addresses of other parties in interest and their attorneys of record serves to identify the parties in interest to the circuit court; it also provides the court with an address to which it can direct any inquiries it may have during the pendency of the proceedings in that court or any orders which must be complied with after those proceedings are over. Failure to provide this information leaves the court without assurance that all parties in interest know that review of the Industrial Commission's decision is being sought, and it may hinder the court in its efforts to get in touch with the parties or to understand initially who is being charged with responsibility and for what. However, it does no more than this. Inclusion of the missing information in an amended praecipe filed in timely fashion and before proceedings pursuant to the writ of *certiorari* begin tells the circuit court everything it needs to know about the case. The subsequent appearance of the unnamed parties, such as occurred here without any objection on their part, gives the needed assurance that everyone with an interest potentially adverse to that of the petitioner is aware of the petition for *certiorari* as the law with respect to personal jurisdiction requires.

The rule that strict compliance with the terms of a special remedial statute is necessary to create jurisdiction of its subject matter is useful only to the extent that the terms which are to be complied with go to the substance of the remedy afforded, so that it can be said that the legislature might have been unwilling to permit courts to hear cases in which those terms were not met. It should not be assumed that "the General Assembly intended that the path from the Industrial Commission to the circuit court [be] an obstacle course" (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 194 (Dooley, J., dissent-

ing)), or that it intended to make a minor omission with no substantial bearing on the remedy afforded by the Workers' Compensation Act fatal beyond salvage. The interests safeguarded by the provision at issue here were purely procedural and were adequately protected by timely amendment and the voluntary appearance of the interested party. I see no good reason for depriving the claimant of his day in court.