SANDRA CHADWICK, Mother of Lisa Marie Laws *et al.*, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Baldwin Associates, Appellee).

Fourth District (Industrial Commission Division)  No. 4—86—0467WC

Opinion filed April 23, 1987.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring, Leslie J. Rosen, and William J. Jovan, of counsel), for appellant.

Robert L. Mueller, of Livingston, Mueller, Gunning, O'Brien & Davlin, of Springfield, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Sandra Chadwick, filed an application for adjustment of claim on behalf of her three minor children, Lisa Marie Laws, Benny Lee Laws II, and Krista Fawn Laws, to recover damages for the death of their father, Benny Lee Laws, pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). The arbitrator denied the petitioner's claim. The Industrial Com-

mission (the Commission) affirmed the arbitrator's decision. The petitioner filed for a circuit court review of the Commission's decision. The respondent, Baldwin Associates, subsequently filed a motion to quash. The circuit court granted the respondent's motion, finding that it did not have jurisdiction to hear the cause because the petitioner failed to strictly comply with section 19(f)(1) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1)). The petitioner brings this appeal.

The facts which gave rise to this claim, as ascertained from the decision of the arbitrator, are briefly that the decedent, an employee of the respondent, fell 70 feet to his death while working on a scaffold at a nuclear power plant in Clinton, Illinois. The arbitrator denied the application for adjustment of claim, and was affirmed by the Commission, on the grounds that the petitioner failed to prove accidental injuries rising out of and in the course of the decedent's employment with the respondent.

The instant record shows that the petitioner timely filed for circuit court review of the Commission's decision. The written request for review included a praecipe for a writ of *certiorari* and a writ of *scire facias*, a certificate of mailing, a writ of *certiorari* and a writ of *scire facias*. In the praecipe, the respondent was named as a party in interest, but its address was not given. However, the praecipe gave the name and address of the respondent's attorney of record. Also, the respondent's name and address were listed on the certificate of mailing.

The respondent appeared and filed a motion to quash the writs based on improper venue. The motion was granted and the cause was transferred from Sangamon County to De Witt County. Three months later, the respondent filed an amended motion to quash, contending that the circuit court lacked jurisdiction because the praecipe did not include: (1) the respondent's address; (2) the names and addresses of the decedent's children as parties in interest; and (3) the Commission as a party in interest.

The circuit court allowed the respondent's motion to quash the writs. Although it was not persuaded by the respondent's contention as to the children, the court found that by not including the respondent's address in the praecipe, the petitioner failed to strictly comply with the requirements of section 19(f)(1), thereby depriving the circuit court of subject matter jurisdiction. The petitioner's subsequent motion to reconsider was denied. This appeal followed.

The sole issue on appeal is whether the motion to quash the writs was improperly granted where the petitioner's written request for summons substantially complied with the requirements of section

19(f)(1) of the Act.

The petitioner contends that by naming the respondent as a party in interest, giving the address of the respondent's attorney of record on the praecipe and listing the respondent's last known address on the certificate of mailing, she conformed to the material provisions of section 19(f)(1). The petitioner argues that the intent of section 19(f)(1) was fulfilled in that the party in interest, the respondent, was summoned, apprised of the appeal and appeared. Thus, the petitioner argues, the respondent was not prejudiced. The petitioner notes that the respondent did not deny that it was duly served.

The respondent argues that the certificate of mailing listing its last known address was insufficient to satisfy the jurisdictional requirement under section 19(f)(1) that the written request shall contain the last known address of all parties in interest. The respondent asserts that as a result the circuit court lacked the requisite subject matter jurisdiction to adjudicate this cause.

Initially, we note that the petitioner filed a praecipe for a writ of *certiorari* and a writ of *scire facias*, using the statutory language of section 19(f)(1) prior to its amendment in 1983 instead of filing a written request for summons as presently is required. The respondent has not objected to that fact.

Section 19(f)(1) of the Act in relevant part provides that the praecipe or written request for summons for judicial review of a Commission decision "shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons." (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1).) The issue raised in this case, whether a praecipe or written request is sufficient where only the name and not the address of the party in interest is listed, is one of first impression in Illinois.

In Illinois, a circuit court's jurisdiction to review a decision of the Industrial Commission is a special statutory power, limited by the statute's provisions. (*Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381; *American Can Co. v. Industrial Com.* (1986), 149 Ill. App. 3d 83, 500 N.E.2d 544.) While circuit courts are courts of general jurisdiction and are presumed to have subject matter jurisdiction, this presumption is not available in compensation cases. Strict compliance with section 19(f)(1) is normally required before a circuit court is vested with subject matter jurisdiction. *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866; *Malone v. Industrial Com.* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167.

However, courts have found jurisdiction based on substantial compliance. Principal among these cases is *Republic Steel Corp. v. Indus-*

*trial Com.* (1964), 30 Ill. 2d 311, 196 N.E.2d 654. In *Republic*, the petitioner filed a surety bond with the clerk of the circuit court. The clerk approved the bond, but did not note that approval on the face of the bond. The circuit court allowed the respondent's motion to quash for lack of the clerk's express approval on the face of the bond, as required by *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 188 N.E. 329. The supreme court, in reversing the circuit court, noted that the tendency of the courts has been to simplify procedure, honor substance over form and prevent technicalities from depriving a party of the right to be heard. The court found that the statute did not require the clerk's written approval on the bond. Rather, it found that where a clerk accepted the bond without objection, approval by the clerk would be presumed and deemed to be sufficient to satisfy the statute.

In *Bethlehem Steel Corp. v. Industrial Com.* (1968), 41 Ill. 2d 40, 241 N.E.2d 444, the circuit court denied the respondent's motion to quash for the petitioner's failure to name in the praecipe the respondent's attorneys of record as required by section 19(f)(1). The supreme court upheld the circuit court's ruling on the grounds that an attorney appeared before the Commission on behalf of the respondent's law firm, did not deny that service was made upon him and participated in proceedings as the respondent's law firm's agent before both the circuit court and the supreme court.

In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 302 N.E.2d 277, the petitioner did not file a receipt showing payment of probable costs of record as the statute required. However, the clerk of the circuit court verified the petitioner's payment via a telephone call to the Commission. The supreme court, relying on *Republic*, found that the requirements of the statute were met. Noting that the purpose of the statutory requirement was to coerce the payment of the probable costs of the record, the court held that where the clerk has been satisfied of payment, the purpose of the statute has been fulfilled.

■ The above situations are analogous to the case at bar. Obviously, the petitioner did not strictly comply with the section 19(f)(1) requirement that the praecipe list the last known address of the party in interest. However, she gave sufficient information in the praecipe and the certificate of mailing for the clerk to have properly notified the respondent and its attorney of the pending appeal. The respondent's first motion to quash was based on improper venue. The respondent did not contest the sufficiency of the praecipe until three months after the case was transferred to another county. Most significantly, the respondent has not shown that it was in any way preju-

diced by the missing address.

The parties' cited authorities requiring strict compliance with section 19(f)(1) are inapplicable here. In those cases, the petitioner either failed to name all the parties in interest (see *Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381; *Matthiessen & Hegeler Zinc Co. v. Industrial Com.* (1940), 373 Ill. 293, 26 N.E.2d 84; *Board v. Industrial Com.* (1984), 129 Ill. App. 3d 56, 472 N.E.2d 105), or failed to sufficiently prove payment of the probable cost of the record as a prerequisite to the issuance of a summons (see *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866; *Malone v. Industrial Com.* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167).

In our judgment, the petitioner's praecipe substantially complied with the material provisions of section 19(f)(1). We therefore reverse the order quashing the writs, and remand with directions that the circuit court review the merits of the petitioner's claim.

Reversed and remanded with directions.

McNAMARA, WOODWARD, McCULLOUGH and KASSERMAN, JJ., concur.