ADVANCE TRANSPORTATION COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION et al. (Robert Livingston et al., Appellees).

First District (Industrial Commission Division) Nos. 1—89—3017WC, 1—89—3018WC cons.

Opinion filed August 24, 1990.

Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Vito D. DeCarlo, P.C., of Chicago, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Respondent, Advance Transportation Co., appeals from an order of the circuit court of Cook County granting Robert Livingston's and Nicholas Beres' (claimants), motions to dismiss for lack of subject matter jurisdiction. Claimants' cases, though filed separately, involve the same issue and the identical respondent; the cases were consolidated on appeal. The only issue before us is whether the court below erred in granting claimants' motions to dismiss for lack of subject matter jurisdiction.

On February 7, 1988, Robert Livingston (Livingston), an employee of respondent, fell down at work, tearing ligaments and tendons in his right arm. On May 26, 1988, Livingston filed an application for adjustment of his claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*). The amount of Livingston's wages was in dispute. An arbitration hearing resulted in an award to Livingston of $350.04 per week for a period of 35 weeks and 5 days. Livingston then filed a petition for review of the arbitrator's decision on December 30, 1988. The arbitrator's decision was modified by the Industrial Commission (Commission), which increased his award to $595.20 per week.

On May 5, 1989, respondent filed a written request for summons and notice of commencement of suit with the circuit court of Cook County for review of the Commission's decision. The written request for summons did not designate the return day. The summons to the Commission did not have a designated return day. The summons to Livingston and his attorney, Vito DeCarlo, also did not have a designated return day, but its form indicated that the return day should be 10 to 60 days after the date of issuance of the summons. The clerk's certificate of mailing is dated May 5, 1989.

Even though its summons had no return day, the Commission certified a transcript of proceedings on June 22, 1989, and filed it on

June 28, 1989. Despite the lack of designated return date on the summons, Livingston and his attorney filed a special and limited appearance on July 6, 1989.

On August 2, 1989, Livingston filed a motion to dismiss based on lack of subject matter jurisdiction. Claimant argued that because the summonses were not returnable "on a designated return day" as required by section 19(f)(1) of the Act, the court did not have subject matter jurisdiction. After hearing argument on said motion, the court below dismissed the case for lack of subject matter jurisdiction, due to respondent's failure to designate a return day on the written request for summons.

As to the Beres case, we have no record on appeal other than documents which show the following. Respondent filed for review of an adverse decision by the Commission on May 5, 1989. The summons issued to the Commission had no designated return day, and the summons to Beres and attorney DeCarlo, who also represents claimant Livingston, had no specific return day but indicated that an appearance was to be filed 10 to 60 days after issuance of the summons. The clerk's certificate of mailing was dated May 5, 1989. Beres filed a special and limited appearance on July 6, 1989. The order dismissing the Beres case for lack of subject matter jurisdiction does not appear in the record.

■ Respondent argues that, in both cases on appeal, it substantially complied with the statute, which reads in pertinent part:

"A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons * * *, and service upon other parties in interest and their attorneys of record shall be by summons, and such service shall be made upon the Commission and other parties in interest by mailing notices of the commencement of the proceedings and the return day of the summons to the office of the Commission and to the last known place of residence of other parties in interest or their attorney or attorneys of record." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1).

Respondents' written request for summons and notice of commencement of suit in the Livingston case reads as follows:

"TO: Clerk of the Circuit Court, Cook County, Illinois

Please issue a Summons to the Industrial Commission of Illinois, to certify to this Court on _____, 1989, the transcript of all proceedings in the case of Robert Livingston v. Advance Transportation Company Industrial Commission No. 89 IIC 291. The decision of the Industrial Commission was received by this petitioner and/or his attorney on April 17, 1989. Also issue a Summons directed to Petitioner-Respondent Robert Livingston and his attorney Vito DeCarlo returnable on _____, 1989. The name and last known addresses of the parties in interest and their respective attorneys of record are:
***"

Respondent then provided the last known addresses of the Commission, Livingston, and his attorney. Respondent's attorney signed the request and listed his address.

The summons issued by the clerk of the circuit court to the Commission reflects the failure of respondent to establish a date on which to certify the transcript of proceedings. Also, the summons issued to claimant and his attorney reflects the failure of respondent to list a date for return of summons. Said summons does state that Livingston is required to file his appearance 10 to 60 days after the issuance of the summons.

The issue before us is whether respondent's failure to designate the return date on the request for summons prevents a circuit court from obtaining subject matter jurisdiction over the case.

Respondent maintains that even if the return day provision were jurisdictional, it substantially complied with the statute, claimant was not prejudiced, and the purposes of the Act were fulfilled. Respondent cites *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, in support of its argument. In *Chadwick*, the claimant's written request for review included a *praecipe* for a writ of *certiorari* and a writ of *scire facias*, a certificate of mailing, and a writ of *certiorari*. The *praecipe* named the respondent as a party in interest but failed to give its address. The *praecipe* did, however, give the name and address of respondent's attorney of record. Further, respondent's name and address were stated on the certificate of mailing. The circuit court allowed respondent's motion to quash the writs, finding that claimant's failure to include respondent's address in the *praecipe* amounted to a failure to strictly comply with section 19(f)(1) of the Act, thereby depriving the court of subject matter jurisdiction.

The *Chadwick* court noted that claimant had failed to strictly comply with the statute. But the court found that claimant had given sufficient information in the *praecipe* for the clerk to have properly

notified respondent and its attorney of the appeal. The *Chadwick* court also found it significant that respondent did not show in any way that it was prejudiced by the missing information. Relying in particular on *Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, *Bethlehem Steel Corp. v. Industrial Comm'n* (1968), 41 Ill. 2d 40, and *Berry v. Industrial Comm'n* (1973), 55 Ill. 2d 274, the *Chadwick* court found that the *praecipe* substantially complied with the material provisions of section 19(f)(1).

As respondent argues, it substantially complied with the requirements of section 19(f)(1) in both cases. Its written request for summons and prepared summonses were timely filed with the clerk on May 5, 1989. The written request for summons listed respondent's last known addresses, and the summonses were served by mail on the same day. Said documents indicated to claimants and their attorney that they should appear in 10 to 60 days after issuance of the summonses.

The Commission certified a transcript (at least in the Livingston case) of the proceedings on June 22, 1989. The transcript was filed on June 28, 1989, 54 days after the issuance of the summons. Claimants responded to their summonses by filing special appearances on July 6, 1989, 62 days after the issuance of the summonses.

Taken *in toto*, these facts demonstrate that respondent complied sufficiently with section 19(f)(1) so that claimants and their attorney were properly notified of the pending appeal. (*Chadwick*, 154 Ill. App. 3d at 859.) This conclusion is borne out by the fact that the Commission responded to the summons in timely fashion, and claimants did so in virtually timely fashion. Moreover, claimants do not demonstrate any ways in which they were prejudiced by the missing return.

The principal cases cited by claimants are distinguishable on their facts. In *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, plaintiff failed to ever file a written request for summons. The trial court dismissed the case, concluding that the failure to file a written request for summons did not amount to strict compliance with section 19(f)(1). The *Whitmer* court upheld the lower court's decision, finding that *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, was distinguishable. The court reasoned that the written request in *Chadwick* was imperfectly completed as opposed to the *Whitmer* claimant's failure to file a written request.

Similarly, the instant case is readily distinguishable from *Whitmer*. Here, as in *Chadwick*, the party making a written request for summons submitted an incomplete written request rather than no request at all.

Correspondingly, in *Fortson v. Industrial Comm'n* (1989), 184 Ill. App. 3d 794, summons was issued before the clerk of the circuit court verified that the probable cost of the record had been paid. The *Fortson* court concluded that the clerk had no authority to issue a summons, absent compliance with the statute. As in *Whitmer*, the party appealing the Commission's decision had failed to meet an essential requirement of section 19(f)(1). Consequently, *Fortson* is not on point.

We conclude that respondent was in substantial compliance with section 19(f)(1) despite its failure to designate a return date of the summonses. Accordingly, we reverse the order of the circuit court dismissing this cause for lack of subject matter jurisdiction, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and McNAMARA, McCULLOUGH, and LEWIS, JJ., concur.