JOHNNY CHAMBERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (P.S.W. Industries, Appellee).

First District (Industrial Commission Division)   No. 1—90—1652WC

Opinion filed April 19, 1991.

William H. Martay, of Chicago, for appellant.

Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Johnny Chambers, appeals from an order of the circuit court of Cook County dismissing his workers' compensation proceeding for lack of subject matter jurisdiction.

The petitioner filed an application for adjustment of claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*), alleging that he had suffered an injury on January 17, 1988, while working for the respondent, P.S.W. Industries. On January 30, 1989, the arbitrator awarded the petitioner temporary total disability benefits. In addition, the arbitrator awarded the petitioner necessary medical benefits pursuant to section 8(a) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.8(a)).

On review, the Industrial Commission (Commission) entered an order on August 10, 1989, reversing the arbitrator and finding that the petitioner had failed to prove he had suffered an accident arising out of and in the course of his employment with the respondent. Thereafter, the petitioner filed four documents with the clerk of the circuit court. Those documents included: (1) a written request for summons and for review of the Commission's decision; (2) a summons to the Commission requesting that it certify the transcript of proceedings; (3) a summons to the respondent naming its attorney, John Maciorowski, and requiring him to enter an appearance on or before September 18, 1989; and (4) a certificate of mailing. The written request for summons named the parties in interest, but did not name the respondent's attorney of record. It also did not include

the addresses of the parties in interest and did not designate a return date. However, the certificate of mailing specifically named the parties in interest and the respondent's attorney of record. It also included their addresses.

The respondent filed an appearance on September 13, 1989, and the Commission certified the record to the circuit court on the same day. Thereafter, the case was assigned to circuit court judge Mary Conrad. Judge Conrad entered an order allowing the parties to file briefs on the merits and set the case for a hearing on January 11, 1990.

On January 11, the court, *sua sponte*, questioned its jurisdiction to hear the case because it was concerned about the petitioner's request for summons. After conducting a hearing on June 5, 1990, regarding that issue, the court dismissed the proceeding for lack of subject matter jurisdiction. In so doing, it noted that the written request for summons failed to designate a return day and did not include the name of the attorney of record and the addresses of the parties in interest as required by section 19(f)(1) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1)).

The petitioner argues on appeal that he substantially complied with the provisions of section 19(f)(1). In that regard, he notes that in the written request to the circuit court for summons he named all of the parties in interest. He also points out that between the other summonses filed and the certificate of mailing, he named the attorney of record, listed the addresses of the parties in interest, and designated that the respondent's attorney had to appear by September 18, 1989. Furthermore, he contends that the respondent was not prejudiced in that it was notified of the appeal and its attorney appeared within the proper time.

■ Section 19(f)(1) of the Act reads in relevant part:
"The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1).

■ Strict compliance with section 19(f)(1) is normally required before a circuit court is vested with subject matter jurisdiction. (*Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 451 N.E.2d 866; *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878.) However, courts have found jurisdiction based on substantial compliance with the requirements of the statute (*Bethlehem Steel Corp. v. Industrial Comm'n* (1968), 41 Ill. 2d 40, 241 N.E.2d 444; *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878; *Advance Transportation Co. v. Industrial Comm'n* (1990), 202 Ill. App. 3d 449, 559 N.E.2d

1038), and the tendency has been to simplify procedure, honor substance over form, and prevent technicalities from depriving a party of the right to be heard (*Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, 196 N.E.2d 654; *Sprinkman & Sons Corp. v. Industrial Comm'n* (1987), 160 Ill. App. 3d 599, 513 N.E.2d 1188).

In *Bethlehem Steel*, the circuit court denied the respondent's motion to quash, which was based on the petitioner's failure to name in the *praecipe* the respondent's attorney of record as required by section 19(f)(1). The supreme court upheld the circuit court's ruling on the grounds that an attorney had appeared before the Commission on behalf of the respondent's law firm, had not denied that service was made upon him, and had participated in the proceedings as the law firm's agent before both the circuit court and supreme court.

In *Chadwick*, the petitioner named the respondent in the *praecipe* as a party in interest but failed to give its address. However, the respondent's name and address were stated on the certificate of mailing and the petitioner gave sufficient information in the *praecipe* for the clerk to properly notify the respondent and its attorney of the appeal. The appellate court noted that while the petitioner had failed to strictly comply with the statute, she had substantially complied. The court also found it significant that the respondent was not prejudiced in any way.

In *Advance Transportation*, the respondent's written request for summons did not designate the return day. The appellate court noted that the claimants and their attorney were nevertheless notified of the appeal and had not demonstrated that they were in any way prejudiced by the missing return date. It then found that the respondent was in substantial compliance with the statute despite its failure to designate a return date.

■ Section 19(f)(1) and the relevant case law indicate that in addition to proof that the probable cost of the record has been paid, six elements are normally required to commence review of a final Commission decision. Those elements are: (1) a written request for summons; (2) the listing of a designated return date; (3) the names of all parties in interest; (4) the addresses of all parties in interest; (5) the names of the attorneys of record for the parties in interest; and (6) the addresses of the attorneys of record. Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(1).

We find that the situations presented in *Chadwick, Bethlehem Steel,* and *Advance Transportation* are analogous to the case at bar. In particular, we note that *Advance Transportation* is especially pertinent. The trial court in the present case, however, did not have the benefit of the *Advance Transportation* decision when it made its ruling, since *Advance Transportation* was decided several weeks later. Therefore, the trial

court's reliance on *Daugherty* and its distinguishing of *Chadwick* were understandable.

In *Advance Transportation*, all six statutory elements were satisfied, except that the summons did not designate a return day. In the present case, the petitioner named the respondent as a party in interest on the written request for summons. Furthermore, the certificate of mailing gave the names and addresses of the respondent and its attorney. Accordingly, the four documents filed by the petitioner, taken together, accomplished all of the statutory elements, except that no return day was indicated. Regarding that element, we note that the summons to the respondent did inform attorney Maciorowski that he should file an appearance by September 18, 1989.

■ Despite the petitioner's failure to strictly comply with the statute, it does not appear that the respondent was prejudiced. The respondent's attorney filed a timely appearance and an extensive brief on the merits of the case. Moreover, the respondent did not initially complain that the court lacked jurisdiction.

The two cases cited by the respondent requiring strict compliance with section 19(f)(1) are distinguishable on their facts. (See *Daugherty v. Industrial Comm'n* (1983), 99 Ill. 2d 1, 457 N.E.2d 381; *Matthiessen & Hegeler Zinc Co. v. Industrial Comm'n* (1940), 373 Ill. 293, 26 N.E.2d 84.) In both cases, the petitioners failed to name all of the parties in interest. In contrast, in the present case all of the parties in interest were named.

Under these circumstances, we hold that the petitioner's written request for summons substantially complied with the requirements of section 19(f)(1). Accordingly, the judgment of the circuit court of Cook County dismissing the cause for lack of subject matter jurisdiction is reversed and the cause is remanded for hearing on the merits of the appeal.

Reversed and remanded.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.*

---

*The disposition and concurrences were made prior to March 11, 1991.