25 May 1999

       No. 1-98-2705WC 

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

INDUSTRIAL COMMISSION DIVISION

FOREST PRESERVE DISTRICT OF COOK COUNTY,

Appellant,

v.

THE INDUSTRIAL COMMISSION 
et
 
al
.

(Richard Michalak, Appellee).

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Cook County.

No.  98-L-0340

Honorable

Alexander White,

Judge, Presiding.

JUSTICE COLWELL delivered the opinion of the court:

Respondent, Forest Preserve District of Cook County, appeals an order of the circuit court of Cook County dismissing respondent̓s appeal from the Industrial Commission (Commission) for lack of subject matter jurisdiction.  The circuit court held that, pursuant to section 19(f)(1) of the Workers̓ Compensation Act (Act) (820 ILCS 305/19(f)(1) (West 1996)), its jurisdiction was lacking because respondent̓s request to issue summons on claimant, Richard Michalak, did not list claimant̓s last known address.  We reverse.

Claimant was injured while working for respondent in September 1990 and in May 1991, and a consolidated hearing was subsequently held.  Following the hearing, an arbitrator awarded claimant temporary totally disability (TTD) benefits for both injuries but denied claimant̓s claims for permanent and total disability (PTD) benefits.  The Commission affirmed in August 1996, and claimant appealed.  The circuit court vacated and set aside the Commission’s decision and remanded the cause to the Commission to reconsider the issue of whether the accidents rendered claimant permanently disabled.

In its decision on remand dated May 20, 1998, the Commission modified its August 1996 decision.  The Commission awarded claimant TTD benefits from May 31, 1991 through June 23, 1993, and found claimant permanently disabled as of June 24, 1993.

Respondent attempted to appeal to the circuit court.  Respondent filed the following documents with the clerk of the circuit court on April 8, 1998: (1) a request to issue summons, (2) a summons to claimant̓s attorneys, (3) a summons to the Commission and (4) a certificate of mailing.  All of the documents contained the correct case caption.  The request to issue summons stated: “This is a written request to issue summons to [the Commission] and to Parties and Attorneys at below addresses [p]ursuant to 820 ILCS 305/19(f)(1).”  The request to issue summons named claimant and the Commission as parties in interest but provided no address for claimant.  The request listed the name and address of the law firm representing claimant and the address of the Commission.  The summons mentioned claimant’s name twice--once in the case caption and once in the body.  The certificate of mailing contained virtually the same information as the request to issue summons did-

-claimant and the Commission were named as parties in interest, the Commission̓s address was given and the name and address of the law firm representing claimant were listed.  However, like the request to issue summons, the certificate of mailing did not contain claimant̓s address.

It is undisputed that claimant was never served with summons; in fact, no summons has ever been issued to claimant.  It is also undisputed that claimant’s attorneys were properly served.

On April 22, 1998, claimant’s attorneys filed special and limited appearances and moved to quash the summons.  They maintained that, by omitting claimant̓s name from the request to issue summons, respondent failed to comply with section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)).  Section 19(f)(1) provides in relevant part:

“A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission.  The summons shall be issued by the clerk of such court upon written request returnable on a designated return day ***, and 
the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons
. *** The clerk of the court issuing the summons shall on the day of issue mail notice of the commencement of the proceedings which shall be done by mailing a copy of the summons to the office of the Commission, and a copy of the summons to the other parties in interest or their attorney or attorneys of record ***.”  (Emphasis added.)  820 ILCS 305/19(f)(1) (West 1996).

According to claimant̓s attorneys, the omission of claimant̓s last known address divested the circuit court of subject matter jurisdiction over the case.  The circuit court agreed, found the request for summons “fatally defective” and dismissed the appeal for want of jurisdiction.

Respondent brought this timely appeal.  The two issues before us are, first, whether respondent̓s failure to include claimant̓s last known address in the request to issue summons deprived the circuit court of subject matter jurisdiction and, second, whether the circuit court had personal jurisdiction over claimant where claimant was never personally served with summons.

The circuit court̓s jurisdiction to review a decision of the Commission is a special statutory power, limited by section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)).  
Sprinkman & Sons Corporation of Illinois v. Industrial Comm̓n
, 160 Ill. App. 3d 599, 600 (1987).  As stated in 
Chambers v. Industrial Comm̓n
, 213 Ill. App. 3d 1, 3-4 (1991): 

“Strict compliance with section 19(f)(1) is normally required before a circuit court is vested with subject matter jurisdiction.  [Citations.]  However, courts have found jurisdiction based on substantial compliance with the requirements of the statute [citations], and the tendency has been to simplify procedure, honor substance over form, and prevent technicalities from depriving a party of the right to be heard [citations].”

Respondent concedes that it did not include claimant̓s address in the request to issue summons and that it therefore did not strictly comply with the requirements of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)).  Respondent nonetheless maintains that it substantially complied with the provisions of the statute by providing all of the necessary information in the request to issue summons except for claimant̓s last known address.  Respondent relies on several cases, including 
Chadwick v. Industrial Comm̓n
, 154 Ill. App. 3d 859 (1987), and 
Old Ben Coal Co. v. Industrial Comm̓n
, 217 Ill. App. 3d 70 (1991), in support of its position.

In 
Chadwick
, the claimant filed a written request for circuit court review of a Commission decision.  The claimant̓s request included a 
praecipe
 and a certificate of mailing
.  
Chadwick
, 154 Ill. App. 3d at 860.  (A 
praecipe
, or written instruction to the clerk of the court, is the equivalent of a written request to issue summons.  
Luttrell v. Industrial Comm̓n
, 154 Ill. App. 3d 943 (1987).)  The claimant̓s 
praecipe
 named the respondent as a party in interest but did not include the respondent̓s address.  It
 also listed the name and address of the respondent̓s attorney.  The certificate of mailing, on the other hand, contained the respondent̓s name and address, and the respondent was served with summons.  The respondent subsequently filed a motion to quash the summons, arguing that the circuit court̓s jurisdiction was lacking due to the claimant̓s failure to strictly comply with section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)).  The circuit court granted the respondent’s motion.  
Chadwick
, 154 Ill. App. 3d at 860.

The appellate court reversed, holding that jurisdiction was proper, since the claimant substantially complied with the provisions of section 19(f)(1).  The court recognized that the claimant failed to include the respondent̓s last known address in the 
praecipe
.  However, the court nonetheless held that the 
praecipe
 and the certificate of mailing contained sufficient information for the clerk of the court to have properly notified the respondent and its attorney of the pending appeal.  “Most significantly,” said the court, “the respondent has not shown that it was in any way prejudiced by the missing address.”  
Chadwick
, 154 Ill. App. 3d at 862-63.

In 
Old Ben
, the respondent sought review of a Commission decision and submitted to the clerk of the court (1) a written request to issue summons, (2) a summons and (3) a certificate of mailing.  The respondent̓s written request for summons did not name the claimant as a party in interest or include the claimant̓s last known address.  However, the request listed the names and addresses of the claimant’s attorneys of record and mentioned the claimant’s name twice--once in the case caption and once in the body of the request.  The respondent filed one summons which included the claimant’s name as a defendant in the case caption.  The summons was directed “TO EACH DEFENDANT.”  The certificate of mailing included the names of the Commission and the claimant̓s attorneys and their respective addresses.  Although the claimant was never served with the summons, his attorneys were.  
Old Ben
, 217 Ill. App. 3d at 73.

The appellate court held that the respondent’s request for summons substantially satisfied the requirements of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)), since the claimant’s attorneys were served with a summons containing the name of their client.  
Old Ben
, 217 Ill. App. 3d at 74, 76.  In so holding, the court discussed and ultimately followed 
Chadwick
.  
Old Ben
, 217 Ill. App. 3d at 74-5.  The 
Old Ben
 court stated that the respondent̓s request to issue summons contained “sufficient information for the clerk properly to notify claimant and his attorneys of the pending appeal.  Further, and significantly, claimant has shown no prejudice as a consequence of the [respondent̓s] omission.”  
Old Ben
, 217 Ill. App. 3d at 76
.  Thus, the circuit court did not lack subject matter jurisdiction to adjudicate the matter.  
Old Ben
, 217 Ill. App. 3d at 76.

We find this case to be similar to 
Old Ben
, where the request to issue summons neither named the claimant as a party in interest nor included the claimant’s address.  The omission in this case was not as severe as that in 
Old Ben
, as the instant request to issue summons named claimant as a party in interest and omitted only his address. 
 As in 
Old Ben
, the instant request included the name and address of the law firm representing claimant, and claimant’s attorneys were properly served with summons in their representative capacities.  Furthermore, the summons which claimant’s attorneys received mentioned claimant’s name twice.  We find that claimant’s request to issue summons contained sufficient information from which the clerk could notify claimant and his attorneys of the appeal.

Stressing the fact that he was never personally served with summons, claimant asserts two generic ways in which a party may be prejudiced by not being personally served.  First, claimant asserts that without notice of the appeal, a party cannot adequately protect his rights.  In the case at bar, however, claimant̓s attorneys immediately sought to protect claimant’s rights by filing a motion to quash 14 days after respondent filed its request to issue summons.  Second, claimant maintains that service on only a party̓s attorneys may prevent the party from changing attorneys.  We find this assertion meritless.  Not only does claimant fail to assert that the service on his attorneys in this case precluded him from changing attorneys, claimant overlooks the fact that he would have had the right to substitute counsel once he became apprised of the appeal.

Claimant in his brief compares this case to
 
Daugherty v. Industrial Comm̓n
, 99 Ill. 2d 1 (1983)
.  In that case
, our supreme court held that the circuit court lacked subject matter jurisdiction due to the claimant’s failure to list either a party in interest or that party’s attorney in the 
praecipe
.
  
Daugherty
, 99 Ill. 2d at 5-6.  The instant case, however, is factually distinguishable from 
Daugherty
.  In 
Daugherty
, due to the omissions in the 
praecipe
, there was no way for the party in interest to have been apprised of the appeal.  Here, on the other hand, the  documents filed by respondent contained sufficient information for claimant to have been notified of the appeal, since claimant’s attorneys of record were 
properly served with a summons containing claimant’s name.

Respondent submitted an incomplete request to issue summons rather than none at all.  Courts generally hold that incomplete requests constitute substantial compliance with the statute so as not to deprive a circuit court of subject matter jurisdiction.  See, 
e.g.,
 
Old Ben
, 217 Ill. App. 3d at 76; 
Chambers
, 213 Ill. App. 3d at 5 (request for summons failed to designate a return date and did not include the name of the attorney of record or the addresses of the parties in interest); 
Advance Transportation Co. v. Industrial Comm̓n
, 202 Ill. App. 3d 449, 452-53 (1990)(request for summons failed to designate a return date); 
Chadwick
, 154 Ill. App. 3d at 862-63.  This is one such case.  This is not a case where the party entirely omitted an essential step in the review process, thus divesting the circuit court of subject matter jurisdiction.  See, 
e.g.,
 
Daugherty
, 99 Ill. 2d at 6; 
Whitmer v. Industrial Comm̓n
, 187 Ill. App. 3d 409, 411 (1989)(party failed to file written request for summons).

The purpose of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1996)) is to ensure that the Commission and the parties in interest are notified of the appeal.  
Luttrell
, 154 Ill. App. 3d at 954.  We hold that the method of notice employed in this case satisfied the purpose of the statute and that the circuit court therefore was not without subject matter jurisdiction to consider respondent̓s appeal.

Claimant next maintains that the circuit court lacked jurisdiction over the instant matter because he was not served with summons within 20 days of receiving notice of the Commission’s decision on remand.  We find no such requirement in the statute, however.  Section 19(f)(1) merely provides that “[a] proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission.”  820 ILCS 305/19(f)(1) (West 1996).  The Commission’s decision on remand was dated March 20, 1998, and the request to issue summons and related documents were file-stamped April 8, 1998.  Even assuming it was notified of the Commission’s decision on March 20, respondent timely commenced the review proceeding within the requisite statutory period.

The next issue is whether the circuit court had personal jurisdiction over claimant.  Claimant asserts that such jurisdiction was lacking since he was never served with summons.  It must again be noted that the circuit court, in reviewing the decisions of the Commission, exercises a special statutory jurisdiction and can obtain jurisdiction to review the decisions of the Commission only in the manner prescribed by the legislature.  
Berry v. Industrial Comm̓n
, 55 Ill. 2d 274, 277 (1973).  Personal jurisdiction does not exist unless (1) proper service of summons has been made, (2) a general appearance has been filed or (3) process has been waived.  Absent one of those three circumstances, personal jurisdiction can be obtained only by compliance with the statute specifying the precise manner of service of process.  
Miller v. Town of Cicero
, 225 Ill. App. 3d 105, 110 (1992).  In this case, claimant was never personally served, his attorneys made special and limited appearances and claimant has not waived the issue of personal jurisdiction.  Thus, the circuit court had personal jurisdiction over claimant only if respondent complied with the provisions of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1)
 (West 1996)).

The relevant portion of section 19(f)(1) provides: 

“The clerk of the court issuing the summons shall on the day of issue mail notice of the commencement of the proceedings which shall be done by mailing a copy of the summons to the office of the Commission, and a copy of the summons 
to the other parties in interest or their attorney or attorneys of record
 and the clerk of the court shall make certificate that he has so sent said notices in pursuance of this Section ***.”  (Emphasis added.)  820 ILCS 305/19(f)(1) (West 1996).

Our supreme court has held that the word “or” ordinarily is used in the disjunctive sense, meaning that the members of the same sentence that the word “or” connects are to be taken separately.  
People v. Frieberg
, 147 Ill. 2d 326, 349 (1992).  Under that rule of statutory construction, section 19(f)(1) provides that a party in interest is properly served when either of the following occurs: (1) the clerk of the court mails the summons to the Commission and to that party or (2) the clerk of the court mails the summons to the Commission and to that party’s attorney or attorneys of record.  In this case, the clerk mailed the summons to the Commission and to claimant’s attorneys of record.  This method of service complies with the service requirements of section 19(f)(1), and we therefore find that the circuit court had jurisdiction over claimant’s person.

The order of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE and RARICK
, JJ., concur.