KIMBERLY A. SUTHERLAND, Plaintiff-Appellant, v. NORBRAN LEAS-
ING COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—87—0475

Opinion filed December 27, 1988.—Rehearing denied March 23, 1989.

Flood, Bredemann & Evans, of Chicago (Ronald A. Bredemann, of coun-
sel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas
M. Burnham, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:
In 1977 the plaintiff, Kimberly A. Sutherland, was retained to
represent Kerwin Albright in his personal injury claim against the

defendant, Norbran Leasing Company (Norbran). She sent a notice of attorney's lien to Norbran's agent, CNA, and referred the case to attorney Paul O'Malley, who ultimately settled the claim for $125,000. Defendant issued a draft in the amount of $125,000, made payable to Albright and O'Malley, but not to Sutherland in violation of her attorney's lien.

Plaintiff filed suit against Norbran, claiming that she had a lien in the amount of $41,666 plus interest, or one-third of $125,000 and that Norbran had violated her attorney's lien by not including her name on the draft. On August 1, 1986, the trial court granted plaintiff's motion for summary judgment for the "lien amount plus interest." On August 28, 1986, on plaintiff's motion to clarify the August 1, 1986, order, the trial court entered an order specifying that the judgment against Norbran was in the amount of $41,666 plus statutory interest from August 1, 1986.

On September 26, 1986, Norbran brought a motion to reconsider and vacate the orders of August 1 and August 28, 1986. The motion was supported by the affidavit of Paul O'Malley, who stated that Sutherland had been aware that the draft from Norbran would be issued in O'Malley's name and that they had agreed that the funds would be placed in escrow until a division of fees was agreed upon. Plaintiff filed objections to the motion to vacate, arguing that the trial court did not have jurisdiction to entertain the motion.

At the hearing on defendant's motion to vacate the summary judgment, the trial court held that the order of August 1, 1986, was not a final order because it was not enforceable. The court further found that O'Malley's affidavit created a genuine question of fact as to the arrangement between the parties and vacated the orders of August 1 and 28, 1986. On February 13, 1987, plaintiff's motion to vacate the February 9 order was denied.

Plaintiff now appeals from both orders, arguing that the trial court did not have jurisdiction to vacate the order of summary judgment. She also seeks attorney fees for defendant's alleged bad faith in preparing and presenting the affidavit of Paul O'Malley in support of the motion to reconsider. We will not address the merits of plaintiff's arguments as we find that we do not have jurisdiction to consider her appeal.

■■■ A reviewing court must *sua sponte* inquire into its jurisdiction, and when it determines that jurisdiction is lacking, it must decline to proceed in a cause. (*City Wide Carpet, Inc. v. John* (1980), 83 Ill. App. 3d 538, 541, 404 N.E.2d 465.) This court's jurisdiction is confined to reviewing appeals from final orders or judgments (107 Ill. 2d

Rules 301, 304), unless the order falls into an enumerated category which permits an interlocutory appeal. (*Branch v. European Autohaus, Ltd.* (1981), 97 Ill. App. 3d 949, 951, 424 N.E.2d 6.) A judgment is final if it terminates the litigation on the merits of the case and determines the ultimate rights of the parties, so that if affirmed, the only thing remaining is to proceed to its execution. (*Alderson v. Berol Products Division, Berol Corp.* (1976), 38 Ill. App. 3d 139, 140, 347 N.E.2d 213.) Generally, an order vacating an order of dismissal and reinstating a case is not final, and therefore, not appealable because it leaves the merits of the case pending. (*Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 106, 390 N.E.2d 579.) However, if a motion to vacate is filed more than 30 days after the dismissal (and not pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(1)), the court lacks jurisdiction to rule on it and any order granting relief is final and appealable because it is void. *Havlen v. Waggoner* (1981), 92 Ill. App. 3d 916, 918, 416 N.E.2d 684.

In the present case, the order of August 1, 1986, granted judgment in favor of the plaintiff for the "lien amount plus interest." Plaintiff contends that there is no question as to what the "lien amount plus interest" was and that the insertion of the actual figures into an order was only a clerical modification. However, the record indicates that plaintiff was seeking interest from February 28, 1983, while the court only awarded interest from August 1, 1986. We do not feel that a difference of approximately $13,000 is merely a clerical oversight and agree with the trial court that the order of August 1, 1986, was not subject to execution.

■ In light of the fact that the order of August 1, 1986, was not a final order, it was within the court's discretion to vacate that order and reinstate the case. Since the merits of the case are now pending, it is clear that the orders of February 9 and 13 are not final orders pursuant to Rule 301 or Rule 304. As plaintiff's appeal does not meet the requirements for an interlocutory appeal pursuant to either Rule 306, 307 or 308, this court lacks jurisdiction to hear the appeal.

■ Plaintiff also seeks attorney fees against Norbran and its attorney. The record indicates that plaintiff sought attorney fees pursuant to section 2—1005(e) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(e)) for defendant's alleged bad-faith preparation and presentation of Paul O'Malley's affidavit and later sought sanctions pursuant to section 2—611 (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), for an alleged bad-faith filing of a petition to adjudicate attorney's lien. However, the orders appealed from do not concern these fee petitions. An appellate court

98

has jurisdiction only over those matters raised in the notice of appeal. (*Predny v. Village of Park Forest* (1988), 164 Ill. App. 3d 688, 693, 518 N.E.2d 1243.) Based on the fact that this issue was not raised in the notice of appeal and because the orders of February 9 and 13 are not appealable, we do not have jurisdiction to consider the matter.

Accordingly, the appeal is dismissed.

Appeal dismissed.

CAMPBELL, P.J., and BUCKLEY, J., concur.