THOMAS WHITMER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Consolidated Freightways Corp., Appellee).

First District (Industrial Commission Division)   No. 1—88—1940WC

Opinion filed August 11, 1989.—Rehearing denied January 31, 1990.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Richard A. Kimnach, of counsel), for appellant.

Garofalo, Hanson, Schreiber & Vandlik, Chartered, of Chicago (Scott T. Schreiber and Philip G. Brinckerhoff, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of the trial court which quashed summons and dismissed his Industrial Commission (Commission) review proceeding for lack of subject-matter jurisdiction. Claimant contends the court erred in that determination. We disagree and affirm.

The facts are undisputed. Following the issuance of the Commission's decision, claimant filed for review in the circuit court. Presented to the circuit clerk were the following documents:

(1) A summons to the Industrial Commission;

(2) A summons to respondent's attorneys;

(3) A certificate of mailing; and

(4) A receipt for payment of the record to the Commission.

Claimant did not, however, file a separate document requesting issuance of summons by the clerk. Relying upon *Daugherty v. Industrial Comm'n* (1983), 99 Ill. 2d 1, 457 N.E.2d 381, *Wolfe v. Industrial Comm'n* (1985), 138 Ill. App. 3d 680, 486 N.E.2d 280, *Luttrell v. Industrial Comm'n* (1987), 154 Ill. App. 3d 943, 507 N.E.2d 533, and *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878, the trial court dismissed the case, concluding the failure to file a written request for summons did not constitute strict compliance with section 19(f)(1) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1)).

In *Daugherty* claimant filed a *praecipe* for writ of *certiorari* and *scire facias* which did not contain the name of a party in interest. As a result, that party, the second injury fund, was not served with summons until well after the proceedings for review had commenced in the circuit court. The supreme court held that jurisdiction could only be acquired by the timely filing of a written *praecipe* which met the statutory requirement that the *praecipe* contain the names of all parties in interest. The appeal was dismissed for failure to file a *praecipe*

conforming to those requirements. The supreme court considered the fact the omitted party was eventually served irrelevant.

In *Wolfe*, claimant failed to file a written request for summons. Because respondent failed to perfect a cross-appeal, this court concluded law of the case made review of respondent's jurisdictional argument inappropriate. Nevertheless we observed: "Strict compliance with section 19(f)(1) of the Act would appear to require that the request be in writing, and *Daugherty* requires strict compliance." *Wolfe*, 138 Ill. App. 3d at 685-86, 486 N.E.2d at 284.

Claimant argues, however, there has been a tendency by courts to simplify procedure, honor substance over form, and prevent technicalities from depriving a party of the right to be heard, citing *Luttrell* and *Chadwick*. In *Luttrell* claimant filed for review on outdated forms after section 19(f)(1) had been amended by the legislature to require the use of summons instead of *praecipes* and writs. (Pub. Act 83—360, eff. Sept. 14, 1983 (1983 Ill. Laws 3076).) This court determined the mere use of incorrect forms did not deprive the circuit court of subject-matter jurisdiction since there was no significant distinction between a written request for summons and a *praecipe*. We have also examined the cursory legislative history attendant to Public Act 83—360. It clearly reveals the amendment was purely technical to correct terminology and make other "linguistic" changes. 83d Ill. Gen. Assem., House Proceedings, April 19, 1983, at 32 (statements of Representative Terzich).

In *Chadwick* the *praecipe* for writ named respondent as a party in interest but did not include its address. The *praecipe* did, however, set forth the address of the respondent's attorney of record and respondent's name and address were listed on the certificate of mailing. While we noted this was error, it was also clear claimant provided sufficient information in the *praecipe* and certificate of mailing to permit the clerk to properly notify respondent and its attorney of the pending appeal.

Neither *Luttrell* nor *Chadwick* is analogous to the situation here. In both *Luttrell* and *Chadwick* written requests, although imperfectly drawn, were actually filed. In the instant case, no written request was filed. The supreme court in *Daugherty* clearly stated that a request for summons must be in writing. We deem the failure to file any written request to be substantive, since to hold otherwise would completely emasculate a clear requirement of section 19(f)(1). We conclude the trial court properly determined it lacked subject-matter jurisdiction because of claimant's failure to strictly comply with the statute.

Finally, although we need not reach any of the other issues pre-

sented because of the disposition we make, we acknowledge and approve respondent's confession of error in the Industrial Commission decision to the extent respondent concedes it is obligated to reimburse claimant in the amount of $145 for the medical expense of a CAT scan performed upon claimant at the direction of respondent's medical personnel. See Ill. Rev. Stat. 1987, ch. 48, par. 138.12.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, WOODWARD, and LEWIS, JJ., concur.