WILLIS TAYLOR, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Burton Auto Springs Corp., Appellee).

First District (Industrial Commission Division)   No. 1—90—2588WC

Opinion filed September 20, 1991.—Rehearing denied December 6, 1991.

STOUDER, J., specially concurring.

Carl H. Ebert & Associates, of Chicago (Regan D. Ebert, of counsel), for appellant.

Kane, Day & Harrington, of Chicago (Gerald F. Cooper, Jr., of counsel), for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Claimant, Willis Taylor, filed an application for adjustment of claim pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) for an injury to his legs received in a work-related accident during the course of his employment with the respondent, Burton Auto Springs Corporation. Following a

hearing, the arbitrator found that the claimant had failed to prove he had any permanent disability and denied the claimant workers' compensation benefits. On review, the Industrial Commission (Commission) affirmed the arbitrator's decision. The claimant then sought review of the Commission's decision before the circuit court; however, the court dismissed the claimant's appeal *sua sponte* for lack of subject matter jurisdiction because the claimant had failed to file a request for summons as required by section 19(f)(1) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(1)). The claimant appeals. The sole issue raised in this appeal is whether the circuit court's dismissal of the claimant's cause of action for lack of subject matter jurisdiction for failure to file a written request for issuance of summons was erroneous.

The facts of this case are undisputed. Following the issuance of the Commission's decision on June 4, 1986, the claimant sought review in the circuit court. On June 12, 1986, a summons was sent by the circuit clerk to the Commission seeking a certified copy of the transcript of proceedings before the Commission, and a designated return date of August 6, 1986, was given on the summons. The summons indicated that the claimant had requested review of the Commission's decision on June 12, 1986. Also on June 12, 1986, another summons was sent to the respondent and the respondent's attorneys, and the designated return date on this summons was likewise August 6, 1986. A certificate of mailing signed by the circuit clerk and dated June 12, 1986, indicated that the circuit clerk had mailed copies of the summons to the parties and attorneys at the addresses listed thereon, and below this statement the respondent's name and address and the respondent's attorneys' name and address appeared. A receipt of payment for the record from the Commission was also filed in the circuit court by the claimant on June 12, 1986. However, the record does not contain a written request for issuance of the summons.

On April 2, 1990, the claimant filed a motion in the circuit court asking that this matter be set for hearing. There is no explanation in the record for the delay between June 1986 and April 1990. A briefing schedule and an oral argument schedule were set by order of the court, and on August 2, 1990, the parties appeared for hearing. At this time, the circuit court *sua sponte* dismissed the claimant's case, finding that the court did not have subject matter jurisdiction of the matter because the claimant had failed to file a written request for issuance of summons as required by statute.

On appeal, the claimant contends that the court erroneously dismissed his cause of action for lack of jurisdiction, as he had substantially complied with the statutory requirements for review. The claimant argues that the timely filing of the receipt of payment for the record from the Commission, the timely filing of the certificate of mailing, the issuance of the summons, and the presence of all of the parties before the court constituted substantial compliance with the statutory requirements for review, and that to dismiss his appeal for such a technicality serves only to deprive an individual of his right to be heard. The claimant asserts that, because the respondent did not contest the court's jurisdiction on review, the parties waived the lack of jurisdiction.

■ The circuit court, in dismissing the claimant's review of the Commission's decision for lack of subject matter jurisdiction, relied on *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, 549 N.E.2d 353, as the basis for its decision. We find that the circuit court's dismissal of the claimant's review was proper, as the facts in the instant case are identical to the facts in *Whitmer*. In *Whitmer*, the claimant filed a summons to the Commission, a summons to the respondent's attorney, a certificate of mailing, and a receipt for payment of the record to the Commission, but the claimant failed to file a written request for issuance of summons, just as was done here. Similarly, the claimant in the case *sub judice* makes the same arguments as those presented in *Whitmer*, *i.e.*, that the tendency of the courts has been to simplify procedure, to honor substance over form, and to prevent technicalities from depriving a party of the right to be heard. However, as this court decided in *Whitmer*, the failure to file a written request for issuance of summons is a substantive requirement under the statute, and the claimant's failure to file the written request was not strict compliance with the statutory requirements for review. This failure deprived the circuit court of subject matter jurisdiction.

■ We further note that the claimant's argument that the parties waived the lack of jurisdiction must fail. The review of the Commission's decision by the circuit court is essentially appellate review. It is well established that a reviewing court must *sua sponte* inquire into its jurisdiction, and if it determines that jurisdiction is lacking, the reviewing court must decline to proceed. (*Sutherland v. Norbran Leasing Co.* (1988), 180 Ill. App. 3d 95, 535 N.E.2d 1.) Additionally, the respondent's failure to object to the lack of jurisdiction cannot confer jurisdiction upon the court, for subject matter jurisdiction can neither be conferred by agreement

nor waived by the parties. *Jenner v. Wissore* (1988), 164 Ill. App. 3d 259, 517 N.E.2d 1220.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCULLOUGH, P.J., and McNAMARA and WOODWARD, JJ., concur.

JUSTICE STOUDER, specially concurring:

I agree *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, 549 N.E.2d 353, is controlling in this case. The facts are indistinguishable.

I am troubled by the trend of cases which suggests minor deviations from the appeal procedure result in what is characterized as lack of subject matter jurisdiction. It follows from this characterization that any action thereafter is void and the invalidity can be raised at any time. It seems to me that such a result bears no relationship to the objects and goals of the appeal procedure. Rather than liberally construing the appeal procedure, we are establishing rigid rules which would make those associated with common law pleadings appear liberal.

In the context of the general definition of jurisdiction, namely the power to hear a particular controversy between parties who are subject to the authority of the court, deficiencies in the appeal procedure ought not to result in lack of subject matter jurisdiction. Such requirements should be regarded as conditions precedent in bringing the controversy to the court or should be regarded as relating to jurisdiction of the parties. In either event the deficiencies could be waived by the parties and would be deemed so waived unless raised at the earliest point in the proceeding.

In the instant proceeding the *praecipe* for summons was not filed. Yet someone requested the issuance of the summons because it is undisputed summonses were served and the parties appropriately notified. No prejudice is shown. Neither are any benefits ascribed from the procedure justifying the consequences of deviation therefrom.

It seems to me that we might do well to reconsider the trend of cases thereby ameliorating the results caused by inflexible adherence to procedural form over substance.