LEONARD FISHER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (4456 Oakton Street Corporation *et al.*, Appellees).

First District (Industrial Commission Division)   No. 1—91—2757WC

Opinion filed July 10, 1992.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon and Lisa Thaviu, of counsel), for appellant.

Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago (John H. Guill and W. Daniel Leahy, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Leonard Fisher brings this appeal from an order of the circuit court of Cook County dismissing his petition for judicial review because that court was without jurisdiction to review the decision of the Illinois Industrial Commission (Commission). Respondents in this case are the 4456 Oakton Street Corporation and Travelers Insurance Company. In spite of the ruling as to jurisdiction, the circuit judge's order additionally decided that the evidentiary rulings of the Commission were not contrary to the law and the decision of the Commission was not against the manifest weight of the evidence.

In this appeal, the issues raised are (1) whether the circuit court correctly determined it had no jurisdiction to review the decision of the Commission because it had no jurisdiction on an earlier occasion at which time the circuit court ordered a remand to the Commission; (2) if jurisdiction did exist at the earlier circuit court proceeding, whether the circuit court properly ordered a remand of the Commission's summary affirmance directing the Commission to consider the record; and (3) whether the Commission properly conducted a trial *de novo* and whether an attorney for one of the parties was properly allowed to testify as a witness at the hearing. Since we determine the circuit court lacked subject-matter jurisdiction to order the remand to the Commission, the remaining issues will not be addressed.

The order from which this appeal is taken begins:

"This Court finds that it has no jurisdiction to conduct a review of the Illinois Industrial Commission's, *DECISION AND OPINION ON REMAND*, dated November 22, 1989, because it initially had no jurisdiction to order the remand upon which this review is predicated." (Emphasis in original.)

The procedural history of this cause began when claimant filed his application for adjustment of claim on September 1, 1978. In that application, the claimant originally designated the date of accident as August 25, 1978, but it was later amended to July 2, 1977. The application described the accident as exposure to chemicals and the injury as damage to lungs and central nervous system. The arbitrator's decision, as corrected on February 20, 1980, found that the injury occurred on August 25, 1978, and that Travelers Insurance Company should be dismissed and held not liable; made an award in favor of claimant against respondent, 4456 Oakton Street Corporation, in the sum of $321.49 per week for life, on account of claimant being wholly and permanently incapable of work; and further found that claimant was entitled to the sum of $23,790.26, being the amount of compensation that had accrued from August 25, 1978, to January 26, 1980.

The claimant filed the initial petition for review in the circuit court following a summary affirmance of the arbitrator's decision by the Commission. The Commission issued its summary affirmance on the ground that the claimant had failed to file a brief with the Commission. The summary affirmance of the Commission was dated October 30, 1986. Prior thereto, because the record was lost or destroyed, a trial *de novo* had been had before the Commission. On review, the circuit court remanded the cause to the Commission for a consideration of the record. The circuit court's order was filed February 17, 1987. On remand, in a decision dated November 27, 1989, the Commission affirmed the arbitrator's February 20, 1980, decision. In so doing, the Commission made additional findings which are not relevant to the jurisdictional issue before this court.

Claimant sought review of the November 27, 1989, decision of the Commission in the circuit court. The result was the order from which this appeal is taken. In determining that the circuit court had no jurisdiction in this matter, the circuit judge made the following findings:

"a. Respondent correctly points out that this Court's order of remand was void ab initio because it had no subject matter jurisdiction due to Petitioner's failure to file the requisite written request for summons (Section 19(f)(1)) in the original review of this matter (86 L 51330). That review was dismissed on 11/19/1990 without any attempt to consolidate into this matter.

b. Although this present request for review of the decision on remand has complied with all requisite provisions of Section 19(f)(1), it cannot cure the original jurisdictional defect. Although it is sometimes proper to correct a mistake on appeal, it is not proper to belatedly supply a jurisdiction[al] element. *Illinois Armored Car Corp. v. Industrial Commission* [(1990),] 205 Ill. App 3d 993.

c. Therefore, the Commission's original affirmation of the Arbitrator's decision must stand."

■■ The written request for summons is required by section 19(f)(1) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1)), which statute provided in relevant part:

"A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court *upon written request* returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and *the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons.*" (Emphasis added.)

Summonses were sent to respondents and the Commission on November 17, 1986. Filed in the circuit court on that date was a certificate of mailing the summonses. No objection was made by respondents to the jurisdiction of the circuit court in the proceeding which resulted in remand and respondents participated in that proceeding. However, the issue of subject-matter jurisdiction cannot be waived and may be raised collaterally in a second appeal. (*Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 509, 451 N.E.2d 866, 867.) It is claimant's contention that there was substantial compliance with the provisions of the Act and, therefore, that the circuit court incorrectly determined the issue regarding subject-matter jurisdiction.

In *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, 549 N.E.2d 353, the claimant sought review in the circuit court and filed a summons to the Commission, summons to respondent's attorney, a certificate of mailing, and a receipt of payment for the record of the Commission. However, a separate document requesting issuance of summons was not filed. In *Whitmer*, the court stated:

"We deem the failure to file any written request to be substantive, since to hold otherwise would completely emasculate a clear requirement of section 19(f)(1). We conclude the trial court properly determined it lacked subject-matter jurisdiction be-

cause of claimant's failure to strictly comply with the statute." *Whitmer*, 187 Ill. App. 3d at 411, 549 N.E.2d at 354.

■ Claimant relies on *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878, *Mitchell v. Industrial Comm'n* (1986), 148 Ill. App. 3d 690, 499 N.E.2d 999, and *Bethlehem Steel Corp. v. Industrial Comm'n* (1968), 41 Ill. 2d 40, 241 N.E.2d 444. In *Whitmer*, the *Chadwick* decision was considered and distinguished because in *Chadwick* a written request was made, although it was in improper form. (*Whitmer*, 187 Ill. App. 3d at 411, 549 N.E.2d at 354.) *Mitchell* was also a case in which the proper form of the document was considered. The court noted the contents of the writs of *certiorari* and *scire facias* were identical to the contents of the summons required by Supreme Court Rule 292 (103 Ill. 2d R. 292) and that the character of the pleading is determined from the content, not its heading. In *Mitchell*, the proper procedure was employed, but the document simply had the incorrect heading. That is distinguishable from the case at bar wherein the request for issuance of summons was not filed at all. Similarly, *Bethlehem Steel* is distinguishable. In that case, the issue was whether the *praecipe* was sufficient since it failed to contain the name of the law firm acting as attorneys of record. (*Bethlehem Steel*, 41 Ill. 2d at 44, 241 N.E.2d at 446.) *Bethlehem Steel* did not consider the complete absence of filing of the statutorily required document.

We recently reaffirmed *Whitmer* in *Taylor v. Industrial Comm'n* (1991), 221 Ill. App. 3d 701, 703, 583 N.E.2d 4, 6. Based on *Whitmer* and *Taylor*, the circuit court did not have subject-matter jurisdiction to review the final decision of the Commission, and the order of remand was void, as were all subsequent proceedings. Accordingly, the circuit court properly dismissed the cause for want of subject-matter jurisdiction. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, STOUDER and H. LEWIS, JJ., concur.